St. Louis-San Francisco Railway Company v. Sloan.

Opinion delivered May 17, 1926.

Railroads—Negligence in Killing Dog.—Proof that defendant's locomotive engineer could have seen plaintiff's dog approaching the track 300 yards ahead of the train, in time to avoid killing him, *held* to sustain a verdict for the plaintiff.

Appeal from Crawford Circuit Court; *James Cochran*, Judge; affirmed.

*E. T. Miller* and *Warner, Hardin & Warner,* for appellant.

*George G. Stockard,* for appellee.

McCULLOCH, C. J.  Appellee sued appellant for the value of a dog killed by one of appellant's trains at the station of Rudy, in Crawford County, Arkansas.  The dog was killed by a northbound passenger train which did not stop at Rudy and was traveling at a speed of about forty miles per hour.  It occurred just before sunset.

There is a trestle 1,260 feet south of the station, and the track is straight from that point northward beyond the station.  The dog was killed on the track opposite the station platform, and a witness introduced by appellee testified that he saw the dog on the station platform, walking northward beside the track, but was "angling" toward the track; that the train at that time was crossing the trestle south of the station, and, just before the train reached the station platform, the dog walked onto the track and was struck and killed.

The evidence in the case tends to show that the crossing whistle was blown at or near the trestle, and nothing else was done toward avoiding the killing of the dog.  The engineer testified that he was keeping a lookout, but did not see the dog and knew nothing of the killing until it was reported to him afterwards.  Another witness introduced by appellant testified that the dog was walking north on the platform a short distance east of the track, and that, when the train was thirty or forty steps south of the station, the dog started to cross the track, and was walking up the middle of the track when struck by the train.  The jury returned a verdict in favor of appellee, and fixed the damage at the sum of fifty dollars.

The only question raised here is the legal sufficiency of the evidence.  We have concluded that the evidence is sufficient to sustain the verdict.  At a distance of about 1,260 feet the engineer either saw, or, if keeping a lookout, could have seen, the dog walking along the platform near the railroad track and in the direction of the track—"angling toward the track," as stated by one of the witnesses, and nothing was done thereafter to

avoid the injury. The perilous position of the dog was discovered, or could have been discovered, in time to have prevented the injury; at least the jury could have so found from the testimony.

Affirmed.